1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| MEAGHAN RICHARDSON, CYRIL RICHARDSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE ATTORNEY GENERAL OF THE BRITISH VIRGIN ISLANDS, RANDY DONOVAN,<br><br>        Defendants. | **CIVIL CASE NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, MEAGHAN RICHARDSON and CYRIL RICHARDSON, hereby alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**I.**

**JURISDICTION**

1.     Plaintiffs, MEAGHAN RICHARDSON and CYRIL RICHARDSON, are residents of the Territory of the United States Virgin Islands.

2.     Plaintiffs are informed and believe, and based thereupon allege, that defendant, THE ATTORNEY GENERAL OF THE BRITISH VIRGIN ISLANDS, is the legal representative of the Government of the British Virgin Islands, and is the party to be named in civil actions against the Government of the British Virgin Islands.

3.     Plaintiffs are informed and believe, and based thereupon allege, that at all times herein mentioned, defendant, RANDY DONOVAN, was a Custom Officer II, within the Office of the Comptroller of Customs within the Government of the British Virgin Islands, and residing within the British Virgin Islands. Plaintiffs are further informed and believe, and based thereupon allege, that at all times herein mentioned, defendant RANDY DONOVAN, is, and was, acting

1    as a Servant of the Crown of the Government of the British Virgin Islands.

2      4.     Plaintiffs are informed and believe, and based thereupon allege, that all times herein

3 mentioned, defendant RANDY DONOVAN, while as a Servant of the Crown of the Government

4 of the British Virgin Islands, was operating a vessel owned by the Government of the British

5 Virgin Islands within the Territorial waters of the United States Virgin Islands.

6      5.     The citizenship of plaintiffs and defendants are diverse and the amount in

7 controversy, exclusive of interests and costs, exceeds the sum of Seventy-Five Thousand Dollars

8 ($75,000.00). Therefore, this Court has jurisdiction over the matter pursuant to 28. U.S.C.§

9 1332.

10      6.     This suit herein arises and is also within the Admiralty and Maritime jurisdiction of

11 the above-entitled court pursuant to 46 U.S.C. § 740, et seq., and 28 U.S.C. § 1333(1).

12 **II.**

13 **FIRST CAUSE OF ACTION**<br>**(MEAGHAN Richardson)**

14

15      7.     Plaintiff, MEAGHAN RICHARDSON, realleges paragraphs 1 through 6, and

16 incorporates the same be reference as though fully ser forth herein.

17      8.     Plaintiff is informed and believes, and based thereupon alleges, that at all times

18 herein mentioned, defendant, RANDY DONOVAN, was acting as a Servant of the Crown of the

19 Government of the British Virgin Islands and was operating a vessel within the Territorial waters

20 of the United States Virgin Islands, and more specifically, the Territorial waters north and east

21 of St. John.

22      9.     On or about December 1, 2007, at or near 9:00 p.m., plaintiff, MEAGHAN

23 RICHARDSON, along with 5 other persons, were passengers on a 26 foot fiberglass power boat,

24 registration number VI9653TA and registered as the M/V "Guilt Trip", which was owned and

25 operated by Ryan Uszenski.

26      10.     At all times herein mentioned, the M/V "Guilt Trip" was operating with the

27 Territorial waters of the United States Virgin Islands. While within the territorial waters of the

28 United States Virgin Islands, and specifically within 1 nautical mile due north of Flanagan Island,

- 2 -

1    and at or near 9:14 pm, the M/V "Guilt Trip" was stopped by defendant RANDY DONOVAN

2    acting as a Servant of the Crown of the Government of the British Virgin Islands.

3        11.    At that time and place, defendant, RANDY DONOVAN, ordered plaintiff,

4    MEAGHAN RICHARDSON and the five other passengers into a 28 foot Wellcraft Scarab, owned

5    by the Government of the British Virgin Islands, under the guise that the M/V "Guilt Trip" was

6    within the waters of the British Virgin Islands. Plaintiff, along with the other passengers,

7    complied with the orders of defendant, RANDY DONOVAN, even though the M/V "Guilt Trip"

8    had not left the Territorial waters of the United States Virgin Islands. Defendant, RANDY

9    DONOVAN, ordered Ryan Uszenski and another currently unidentified British Virgin Islands

10   customs officer, to remain in the M/V "Guilt Trip". The unidentified customs officer took control

11   of the M/V "Guilt Trip".

12       12.    Once all the passengers were in the 27 foot Wellcraft Scarab, defendant, RANDY

13   DONOVAN, began to throttle up the engines of his vessel. At this time, there were 7 persons on

14   the Wellcraft Scarab and the vessel was not getting up on plane. Defendant, RANDY

15   DONOVAN, began to trim the engines and was looking to the stern of the vessel while he was

16   throttling up the vessel.

17       13.    During the time that defendant, RANDY DONOVAN, was throttling up the vessel,

18   defendant was not maintaining a proper look out as required by 33 U.S.C. §§ 1601-1608 (Rule

19   5 - look out); was not maintaining a safe speed as required by 33 U.S.C. §§ 1601-1608 (Rule 6 -

20   safe speed); failed to use all available means appropriate to the prevailing circumstances to avoid

21   a risk of collision as required by 33 U.S.C. §§ 1601-1608 (Rule 7 - risk of collision); failed to

22   take action to avoid the risk of collision 33 U.S.C. §§ 1601-1608 (Rule 8 - action to avoid risk

23   of collision); failed to following the crossing situation rules as required by 33 U.S.C. §§ 1601-

24   1608 (Rule 15- crossing situation); failed to take appropriate action by give way vessel as required

25   by 33 U.S.C. §§ 1601-1608 (Rule 16 - action by give way vessel); failed to take appropriate

26   responsibility between vessels as required by 33 U.S.C. §§ 1601-1608 (Rule 18 - responsibilities

27   between vessels).

28       14.    The conduct of defendant, RANDY DONOVAN, in acting as a Servant of the

1  Crown of the British Virgin Islands and in operating a vessel owned by the Government of the

2  British Virgin Islands was negligent and careless and resulted in substantial injuries to plaintiff,

3  MEAGHAN RICHARDSON, as herein alleged.

4        15.   As a direct and proximate result of the negligence and carelessness of defendants,

5  RANDY DONOVAN and THE ATTORNEY GENERAL OF THE BRITISH VIRGIN ISLANDS,

6  the vessel operated by RANDY DONOVAN and owned by the Government of the Virgin Islands

7  collided with the stern of the M/V "Guilt Trip", resulting in plaintiff, MEAGHAN

8  RICHARDSON, being thrown forward and sustaining serious personal injuries and damages.

9        16.   Plaintiff is informed and believes, and based thereupon alleges, that defendants

10  were negligent and careless in the use and operation of their vessel in that defendants failed to use

11  that degree of skill and prudence as a reasonable captain, as set forth above, and that as a direct

12  and proximate result of defendants negligence and carelessness, plaintiff sustained injuries and

13  damages.

14        17.   Plaintiff is further informed and believes, and based thereupon alleges, that a direct

15  and proximate cause of plaintiff's injuries was the negligence and carelessness of defendants, and

16  each of them, in the use and operation of their vessel within the Territorial waters of the United

17  States Virgin Islands.

18        18.   As a direct and proximate result of the negligence of defendant, as hereinabove

19  alleged, plaintiff, MEAGHAN RICHARDSON, was hurt and injured in her health, strength and

20  activity, in all parts of her body, and sustained shock and injury to her nervous system and

21  person, all of which injuries have caused and continue to cause plaintiff great mental, physical and

22  nervous anxiety, and pain and suffering.  Plaintiff, MEAGHAN RICHARDSON, is informed and

23  believes and thereon alleges, that these injuries will result in some permanent disability to

24  plaintiff, all to her general damage, in an amount to be proven at time of trial.

25        19.   As a further direct and proximate result of the negligence of defendant as

26  hereinabove alleged, plaintiff, MEAGHAN RICHARDSON, was required to, and did, employ

27  physicians, surgeons and therapists to treat and care for her, and did sustain expenses for such

28  medical treatment and care, hospitalization, medicine, and for other and further medical and

incidental care, for which plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, MEAGHAN RICHARDSON, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

20.     Plaintiff, MEAGHAN RICHARDSON, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence of defendant, as hereinabove alleged, she will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom. Plaintiff, MEAGHAN RICHARDSON, CYRIL RICHARDSON, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all such additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

21.     As a further direct and proximate result of the negligence of defendant, as hereinabove alleged, plaintiff, MEAGHAN RICHARDSON, became incapacitated and was prevented from following her usual occupation for an undetermined period of time; and as a result thereof,  plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount.     Plaintiff, MEAGHAN RICHARDSON, CYRIL RICHARDSON, prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

### III.

### SECOND CAUSE OF ACTION
#### (Cyril Richardson)

22.     Plaintiff realleges paragraph 1 through 21, and incorporates the same by reference as a part hereof as though fully set forth herein.

23.     Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, defendant, RANDY DONOVAN, was acting as a Servant of the Crown of the Government of the British Virgin Islands and was operating a vessel within the Territorial waters

- 5 -

1    of the United States Virgin Islands, and more specifically, the Territorial waters north and east

2    of St. John.

3        24.    On or about December 1, 2007, at or near 9:00 p.m., plaintiff, CYRIL

4    RICHARDSON, along with 5 other persons, were passengers on a 26 foot fiberglass power boat,

5    registration number VI9653TA and registered as the M/V "Guilt Trip", which was owned and

6    operated by Ryan Uszenski.

7        25.    At all times herein mentioned, the M/V "Guilt Trip" was operating with the

8    Territorial waters of the United States Virgin Islands. While within the territorial waters of the

9    United States Virgin Islands, and specifically within 1 nautical mile due north of Flanagan Island,

10   and at or near 9:14 pm, the M/V "Guilt Trip" was stopped by defendant RANDY DONOVAN

11   acting as a Servant of the Crown of the Government of the British Virgin Islands.

12       26.    At that time and place, defendant, RANDY DONOVAN, ordered plaintiff, CYRIL

13   RICHARDSON and the five other passengers into a 28 foot Wellcraft Scarab, owned by the

14   Government of the British Virgin Islands, under the guise that the M/V "Guilt Trip" was within

15   the waters of the British Virgin Islands. Plaintiff, along with the other passengers, complied with

16   the orders of defendant, RANDY DONOVAN, even though the M/V "Guilt Trip" had not left

17   the Territorial waters of the United States Virgin Islands. Defendant, RANDY DONOVAN,

18   ordered Ryan Uszenski and another currently unidentified British Virgin Islands customs officer,

19   to remain in the M/V "Guilt Trip". The unidentified customs officer took control of the M/V

20   "Guilt Trip".

21       27.    Once all the passengers were in the 27 foot Wellcraft Scarab, defendant, RANDY

22   DONOVAN, began to throttle up the engines of his vessel. At this time, there were 7 persons on

23   the Wellcraft Scarab and the vessel was not getting up on plane. Defendant, RANDY

24   DONOVAN, began to trim the engines and was looking to the stern of the vessel while he was

25   throttling up the vessel.

26       28.    During the time that defendant, RANDY DONOVAN, was throttling up the vessel,

27   defendant was not maintaining a proper look out as required by 33 U.S.C. §§ 1601-1608 (Rule

28   5 - look out); was not maintaining a safe speed as required by 33 U.S.C. §§ 1601-1608 (Rule 6 -

safe speed); failed to use all available means appropriate to the prevailing circumstances to avoid a risk of collision as required by 33 U.S.C. §§ 1601-1608 (Rule 7 - risk of collision); failed to take action to avoid the risk of collision 33 U.S.C. §§ 1601-1608 (Rule 8 - action to avoid risk of collision); failed to following the crossing situation rules as required by 33 U.S.C. §§ 1601-1608 (Rule 15- crossing situation); failed to take appropriate action by give way vessel as required by 33 U.S.C. §§ 1601-1608 (Rule 16 - action by give way vessel); failed to take appropriate responsibility between vessels as required by 33 U.S.C. §§ 1601-1608 (Rule 18 - responsibilities between vessels).

29.     The conduct of defendant, RANDY DONOVAN, in acting as a Servant of the Crown of the British Virgin Islands and in operating a vessel owned by the Government of the British Virgin Islands was negligent and careless and resulted in substantial injuries to plaintiff, CYRIL RICHARDSON, as herein alleged.

30.     As a direct and proximate result of the negligence and carelessness of defendants, RANDY DONOVAN and THE ATTORNEY GENERAL OF THE BRITISH VIRGIN ISLANDS, the vessel operated by RANDY DONOVAN and owned by the Government of the Virgin Islands collided with the stern of the M/V "Guilt Trip", resulting in plaintiff, CYRIL RICHARDSON, being thrown forward and sustaining serious personal injuries and damages.

31.     Plaintiff is informed and believes, and based thereupon alleges, that defendants were negligent and careless in the use and operation of their vessel in that defendants failed to use that degree of skill and prudence as a reasonable captain, as set forth above, and that as a direct and proximate result of defendants negligence and carelessness, plaintiff sustained injuries and damages.

32.     Plaintiff is further informed and believes, and based thereupon alleges, that a direct and proximate cause of plaintiff's injuries was the negligence and carelessness of defendants, and each of them, in the use and operation of their vessel within the Territorial waters of the United States Virgin Islands.

33.     As a direct and proximate result of the negligence of defendant, as hereinabove alleged, plaintiff, CYRIL RICHARDSON, was hurt and injured in his health, strength and

activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous anxiety, and pain and suffering.  Plaintiff, CYRIL RICHARDSON, is informed and believes and thereon alleges, that these injuries will result in some permanent disability to plaintiff, all to his general damage, in an amount to be proven at time of trial.

34.     As a further direct and proximate result of the negligence of defendant as hereinabove alleged, plaintiff, CYRIL RICHARDSON, was required to, and did, employ physicians, surgeons and therapists to treat and care for him, and did sustain expenses for such medical treatment and care, hospitalization, medicine, and for other and further medical and incidental care, for which plaintiff has incurred liability in an amount as yet unascertained. Plaintiff, CYRIL RICHARDSON, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

35.     Plaintiff, CYRIL RICHARDSON, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence of defendant, as hereinabove alleged, he will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur liability therefrom.  Plaintiff, CYRIL RICHARDSON, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all such additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

36.     As a further direct and proximate result of the negligence of defendant, as hereinabove alleged, plaintiff, CYRIL RICHARDSON, became incapacitated and was prevented from following his usual occupation for an undetermined period of time; and as a result thereof, plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount.  Plaintiff, CYRIL RICHARDSON, prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

/ / /

1    WHEREFORE, plaintiffs pray judgment against defendants, and each of the, as follows:

2    1.    For general damages, all in an amount to be proven at the time of trial;

3    2.    For medical and related expenses, past, present and future, all in an amount to be

4    proven at the time of trial;

5    3.    For loss of earnings or earning ability, past, present and future, all in an amount

6    to be proven at the time of trial;

7    4.    For costs of suit incurred herein; and

8    5.    For such other and further relief as this Court deems just and proper.

9    Dated : November 15, 2008          **LAW OFFICES OF FRIEDBERG & BUNGE**

10

11    By: s /THOMAS F. FRIEDBERG, ESQ.
         THOMAS F. FRIEDBERG, ESQ. (VI # 1006)
12       Attorneys for Plaintiff, MEAGHAN
         RICHARDSON, CYRIL RICHARDSON
13       610 West Ash Street, Suite 1400
         P.O. Box 6814
14       San Diego, California 92101
         TEL : (619)557-0101
15       FAX:  (619)557-0560
         "tom@lawofficefb.com"

16

17                    **DEMAND FOR JURY**

         Plaintiffs hereby demand a jury trial pursuant to Rule 38, of the Federal Rules of Practice.
18

19    Dated : November 15, 2008          **LAW OFFICES OF FRIEDBERG & BUNGE**

20

21    By: s/ THOMAS F. FRIEDBERG, ESQ.
         THOMAS F. FRIEDBERG, ESQ. (VI # 1006)
22       Attorneys for Plaintiffs, MEAGHAN
         RICHARDSON, CYRIL RICHARDSON
23       610 West Ash Street, Suite 1400
         P.O. Box 6814
24       San Diego, California 92101
         TEL : (619)557-0101
25       FAX:  (619)557-0560
         "tom@lawofficefb.com"

26

27

28

Plaintiffs' Complaint for Damages and Demand for Jury Trial