# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MEAGHAN RICHARDSON, CYRIL RICHARDSON, <br><br> Plaintiffs, <br><br> v. <br><br> THE ATTORNEY GENERAL OF THE BRITISH VIRGIN ISLANDS, RANDY DONOVAN, <br><br> Defendants. | 3:08-cv-144 |

**TO:** Thomas F. Friedberg, Esq.

## ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

THIS MATTER came before the Court upon Plaintiffs' Motion for Entry of Default (Docket No. 7) and Plaintiffs' Brief in Response to the Court's "Order For Submission of a Brief" Dated June 10, 2010 (Docket No. 11).

## I. Background

Plaintiffs Meaghan and Cyril Richardson are suing the Attorney General of the British Virgin Islands and Randy Donovan for alleged negligence by Donovan that resulted in injuries to Plaintiffs. Compl. para. 15, 30. Plaintiffs allege that Donovan, while serving in his official capacity as customs officer, negligently drove his customs boat while Plaintiffs

*Richardson v. Attorney General of the British Virgin Islands*
3:08-cv-144
Order Denying Plaintiffs' Motion for Entry of Default
Page 2

were on board, causing them to fall and sustain injuries. *Id*. Plaintiffs further allege that this accident took place within United States territorial waters. Compl. para. 8. Plaintiffs filed this suit with the District Court of the Virgin Islands, Division of St. Thomas and St. John. Plaintiffs retained a process server in the British Virgin Islands to serve personally both Donovan and the Attorney General of the British Virgin Islands. Plaintiffs now file the current Motion for Entry of Default after Defendants failed to answer the complaint or otherwise appear.

II.     **Service of Process**

A person may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The Federal Sovereign Immunities Act (FSIA) likewise requires service in accordance with an applicable international convention on service of judicial documents if a special agreement between the parties is absent. 28 U.S.C. § 1608(a). The United States and the United Kingdom are both signatories of the Hague Convention. The British Virgin Islands are an Overseas Territory of the United Kingdom. *See, e.g., JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88 (2002). Article 10 of the Hague Convention states:

*Richardson v. Attorney General of the British Virgin Islands*
3:08-cv-144
Order Denying Plaintiffs' Motion for Entry of Default
Page 3

> Provided the State of destination does not object, the present Convention shall not interfere with . . .
>
> > (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination

20 U.S.T. 361, art. 10. With regards to Article 10(b), the United Kingdom has stated "documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States." Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=427&disp=resdn (last visited Jul. 23, 2010). However, this declaration "does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom 'directly' through a competent person other than a judicial officer of official, e.g., a solicitor." *Id*. Plaintiffs appear to have retained a process server in the British Virgin Islands who personally served both Defendants. Therefore, the Court finds that Plaintiffs' service of process was sufficient under the Hague Convention.

### III.     Entry of Default

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

*Richardson v. Attorney General of the British Virgin Islands*
3:08-cv-144
Order Denying Plaintiffs' Motion for Entry of Default
Page 4

failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiffs filed their complaint on November 20, 2008, and summons were issued to Defendants on November 24, 2008. Pl's. Mot. for Entry of Default para. 1-3. The Attorney General of the British Virgin Islands was served on January 13, 2009, and Randy Donovan was served on January 21, 2009. *Id* at para. 4-5. Both summons were returned on January 31, 2009. *Id*. The present Motion for Entry of Default was filed on May 27, 2010, over a year and a half later. Defendants were served properly and received more than enough time to plead or otherwise defend the complaint.

IV.     **Jurisdiction and Sovereign Immunity**

The FSIA provides the "sole basis" for obtaining jurisdiction over a foreign sovereign in the United States. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). Under the FSIA, a "foreign state shall be immune from the jurisdiction of the courts of the United States and of the states" unless a statutory exception applies. 28 U.S.C. § 1604 (2006).

One exception occurs when a sovereign waives its immunity to suit, either expressly or implicitly. 28 U.S.C. § 1605(a)(1) (2006). However, "[a] claim of sovereign immunity under the FSIA is waived only when the sovereign/state fails to assert immunity in a responsive pleading. Thus, a waiver of sovereign immunity cannot be implied from a

*Richardson v. Attorney General of the British Virgin Islands*
3:08-cv-144
Order Denying Plaintiffs' Motion for Entry of Default
Page 5

foreign state's failure to appear." *MCI Telecomm. Corp. v. Alhadhood*, 82 F.3d 658, 662 (5th Cir. 1996) (citations omitted). *See also Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 378 (7thCir. 1985) (citing *Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 493 n. 20 (1983)).

The only other exception that could apply in the matter at bar is contained in subsection (a)(5), as this is a case

> in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment . . . .

28 U.S.C. § 1605(a)(5) (2008). Plaintiffs allege that Defendant Donovan, while acting within the scope of his employment, negligently caused their injuries while within the territorial waters of the United States. However, it has not been conclusively established that the alleged negligent act occurred in the United States. If the act did not occur in U.S. waters then there is an issue with jurisdiction. *See, e.g., Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989) ("Section 1605(a)(5) is limited by its terms, however, to those cases in which the damage to or loss of property occurs *in the United States* (emphasis in original)).

*Richardson v. Attorney General of the British Virgin Islands*
3:08-cv-144
Order Denying Plaintiffs' Motion for Entry of Default
Page 6

Only when it is established that the alleged tortious act occurred in the United States or that there has been a waiver of foreign immunity can the issue of default be addressed.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Entry of Default (Docket No. 7) is **DENIED**.

ENTER:

Dated: July 23, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE