DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MEAGHAN RICHARDSON and CYRIL      )
RICHARDSON,                       )
                                  )
              Plaintiffs,         )
                                  )   Civil No. 2008-144
        v.                        )
                                  )
THE ATTORNEY GENERAL OF THE       )
BRITISH VIRGIN ISLANDS,           )
                                  )
              Defendant.          )
                                  )
                                  )
_____ )

ATTORNEYS:

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
      *For the Richardsons,*

**Pedro K. Williams, Esq.**
Law Office of Frazer and Williams
St. Thomas, VI
      *For the Attorney General of the British Virgin Islands.*


MEMORANDUM OPINION

**GÓMEZ, J.**

     Before the Court is the November 22, 2013, motion of

defendant, the Attorney General of the British Virgin Islands,

to dismiss the instant action pursuant to Fed. R. Civ. P.

12(b)(1) and (2).

I.   FACTUAL AND PROCEDURAL BACKGROUND

     On or about December 1, 2007, Meaghan Richardson and Cyril

Richardson ("the Richardsons") were passengers on a power boat.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 2

At or about 9:14 p.m., Randy Donovan ("Donovan"), a customs officer for the Government of the British Virgin Islands (the "BVI"), stopped the Richardsons' boat. Donovan informed the Richardsons that their boat was in BVI waters. Thereafter, Donovan ordered the Richardsons and the other passengers on the boat to disembark from their vessel and enter his vessel. Donovan's vessel was owned by the BVI. The Richardsons allege that after they boarded Donovan's boat, Donovan operated his boat without maintaining a safe speed or a proper lookout. The Richardsons claim that they sustained injuries as a result of Donovan's operation of the vessel.

Thereafter, on November 15, 2008, the Richardsons filed this negligence action against the Attorney General of the BVI and against Donovan in his individual capacity.

On August 29, 2011, the undersigned held a bench trial in this matter. At the conclusion of the bench trial, the Court asked the Richardsons from what entity they sought relief. Specifically, the Court asked, "[w]hen you sued the Attorney General of the British Virgin Islands, it was your intention to sue the government of the British Virgin Islands, correct?" (Trial FTR R. 9:28:26-30.) The Richardsons responded in the affirmative. (*Id.* at 9:28:33.)

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 3

On August 20, 2013, the Court dismissed the Richardsons'
complaint as against Donovan and ordered the Richardsons to file
proof of service on the Government of the British Virgin Islands
no later than September 10, 2013. Subsequently, the Richardsons
filed a motion for extension of time to file proof of service.
The Court extended the deadline to file proof of service to
November 9, 2013. The Richardsons filed a second motion for
extension of time on November 2, 2013. The Attorney General of
the British Virgin Islands, Christopher P. Malcolm ("Malcolm"),
filed an answer on November 4, 2013. On November 16, 2013, the
Richardsons filed proof of service on the Government of the
British Virgin Islands, showing that service was effected on
October 9, 2013. Thereafter, on November 22, 2013, the Attorney
General of the British Virgin Islands filed the instant motion
to dismiss for lack of subject matter jurisdiction and lack of
personal jurisdiction over the Government of the British Virgin
Islands.[1]

## II.   DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)")
governs motions to dismiss for lack of subject-matter

---

[1] The Court will address the motion to dismiss only as it regards the
remaining defendant, the Government of the British Virgin Islands. Although
the motion also discusses Donovan, the Court dismissed all counts against
Donovan on August 20, 2013.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 4

jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). The matter must be dismissed if the allegations on the face of the complaint, taken as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. USPS*, 33 F.3d 259, 206 (3d Cir. 1994).

A factual challenge arises when there is a dispute as to a material fact. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge is quite different from a facial challenge, because

> the trial court may proceed as it never could
> under 12(b)(6) or Fed.R.Civ.P. 56. Because at
> issue in a factual 12(b)(1) motion is the trial
> court's jurisdiction[,] its very power to hear
> the case[,] there is substantial authority that
> the trial court is free to weigh the evidence
> and satisfy itself as to the existence of its
> power to hear the case. In short, no presumptive

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 5

> truthfulness attaches to plaintiff's
> allegations, and the existence of disputed
> material facts will not preclude the trial court
> from evaluating for itself the merits of
> jurisdictional claims. Moreover, the plaintiff
> will have the burden of proof that jurisdiction
> does in fact exist.

*Id.*

**B. <u>Federal Rule of Civil Procedure 12(b)(2)</u>**

Once a defendant has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *See Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir.1996). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because the district court did not conduct a hearing on the Rule 12(b)(2) motion, the plaintiff was only required to make a prima facie showing of personal jurisdiction). To make a prima facie showing of personal jurisdiction, the plaintiff must "establish[ ] with reasonable

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 6

particularity sufficient contacts between the defendant and the

forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960

F.2d 1217, 1223 (3d Cir.1992). A motion filed under Rule

12(b)(2)

> is inherently a matter which requires resolution of factual
> issues outside the pleadings, i.e. whether in personam
> jurisdiction actually lies. Once the defense has been
> raised, then the plaintiff must sustain its burden of proof
> in establishing jurisdictional facts through sworn
> affidavits or other competent evidence. . . . [A]t no point
> may a plaintiff rely on the bare pleadings alone in order
> to withstand a defendant's Rule 12(b)(2) motion to dismiss
> for lack of in personam jurisdiction. Once the motion is
> made, plaintiff must respond with actual proofs, not mere
> allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61,

66 n. 9 (3d Cir. 1984)) (internal citation omitted); *see also*

*Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir.

1990); see also *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d

610, 619 (1st Cir. 2001) ("The prima facie showing must be based

upon evidence of specific facts set forth in the record ...

[and] go beyond the pleadings and make affirmative proof")

(internal quotations omitted); *Meier ex rel. Meier v. Sun*

*Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("A

prima facie case is established if the plaintiff presents enough

evidence to withstand a motion for directed verdict") (internal

quotations omitted).

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 7

To determine if personal jurisdiction is proper, the Court must assess: (1) whether jurisdiction is authorized by the forum's long-arm statute, and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain minimum contacts with the forum. *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 48 V.I. 941, 944 (D.V.I.2007); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F.Supp.2d 561, 566 (D.V.I.2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).

The Virgin Islands long-arm statute provides:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
>> (1) transacting any business in this territory;
>> (2) contracting to supply services or things in this territory;
>> (3) causing tortious injury by an act or omission in this territory;
>> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
>> (5) having an interest in, using, or possessing real property in this territory; or
>> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
>> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
>> (8) abandoning a minor in this Territory.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 8

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

V.I. Code Ann. tit. 5. § 4903 (1997).

This Court has interpreted the statute to apply as widely as constitutional requirements permit, consistent with the intent of the legislature. *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F.Supp.2d 532, 534–36 (D.V.I. 2003) ("[T]he Virgin Islands' Legislature likely intended the reach of the Virgin Islands' long-arm statute to be coextensive with the exercise of personal jurisdiction permitted by the due process clause."); *see also Unlimited Holdings, Inc.*, 48 V.I. at 945 (noting the parallel between the long-arm statute and the due process requirements of the constitution).

Due process requires that a foreign defendant have minimum contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[ ] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir.2002) (quoting *Int'l Shoe*, 326 U.S. at 316). Under this standard, "jurisdiction is proper if the defendant has taken 'action ... purposefully directed toward the forum State.'" *Id.* at 370 (quoting *Asahi*

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 9

*Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)).

A plaintiff can meet his burden of showing minimum contacts in one of two ways: by establishing either specific or general jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de Puerto Rico, Corp.*, 314 F.Supp.2d 495, 498 (D.V.I.2004). General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir.1996) (citations omitted). In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "'should reasonably anticipate being haled into court'" in that forum. Id. at 151 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### III. <u>ANALYSIS</u>

#### A. Subject-Matter Jurisdiction

The BVI argues that this Court lacks subject-matter jurisdiction under both the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330 *et seq.* ("FSIA") and under 28 U.S.C. § 1332.

The Court previously ruled that it has subject-matter jurisdiction to hear this case because the tortious activity exception to the FSIA applies. Under FSIA, a court may exercise subject-matter jurisdiction over any action against a foreign state in which "the foreign state is not entitled to immunity." 28 U.S.C. § 1604. It is the foreign state's burden to make a prima facie showing of immunity. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citing *Walter Fuller Aircraft Sales, Inc. v. Republic of Philippines,* 965 F.2d 1375, 1383 (5th Cir. 1992). Once the foreign state makes a prima facie showing of immunity, it is the plaintiff's burden to show that an exception to that immunity applies. *Id.; see also* 28 U.S.C. § 1605 (listing FSIA exceptions, which include waiver, commercial activity, tortious action, and others); *but see Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989) ("Of course, a party cannot waive subject matter jurisdiction by its silence. A federal court must make its own determination of whether it is empowered to hear a case. In making this determination, however, a district court may rely not only on the pleadings; it may consider conflicting evidence—contained in affidavits, for example—and make its own resolution of disputed jurisdictional facts.").

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 11

The Court previously held that the tortious action exception[2] applies to this action, and that the BVI is not entitled to foreign sovereign immunity in this action insofar as the Richardsons assert tort claims against the BVI. Notwithstanding that ruling, the BVI asserts in conclusory fashion that

> [t]he other exceptions in section 1605 are equally inapplicable to the case at bar thus preserving immunity of defendants from the jurisdiction of this court. It is inescapable that Plaintiffs' claims relate to a public act of the Government of the British Virgin Islands, an act not within the exceptions in sections 1605-1607 of the FSIA.

(Def. Mot. to Dismiss, ECF No. 37-1, at p. 6.). The Richardsons' claims against the BVI stem from injuries sustained as a consequence of tortious acts undertaken by an employee of the BVI. That is precisely the type of conduct contemplated by the statute. Indeed, the text of 28 U.S.C. § 1605 (a)(5) refers specifically to "the tortious act or omission of that foreign state or of any official or employee of that foreign state *while acting within the scope of his office or employment*." 28 U.S.C.

---

[2] The FSIA also provides that foreign sovereign immunity is not available in any case

> not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state *for personal injury* or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state *while acting within the scope of his office or employment; . . .*

28 U.S.C.A. § 1605(a)(5) (West) (emphasis added).

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 12

§ 1605 (a)(5) (emphasis added). While it is true that some acts of a foreign state may be immune from the jurisdiction of this Court, it strains logic to suggest that *all* acts undertaken by a foreign state are protected by immunity. This is particularly so where, as here, Congress has specifically exempted those acts from immunity.

The BVI further asserts that this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332. The BVI asserts a factual challenge to subject-matter jurisdiction: that the incident occurred outside of the United States.

Generally, a court is required to accept all factual allegations in the complaint as true. In deciding a factual challenge to jurisdiction, a court may look beyond the pleadings to determine whether jurisdiction actually exists. *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000) (noting that, in deciding a factual challenge to a court's jurisdiction under Fed. R. Civ. P. 12 (b)(1), a court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction."), citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d. Cir. 1977).

The BVI attached copies of two documents that bear the title, "the Register of the British Virgin Islands Magistrate's

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 13

Court for Conviction and Order". (ECF No. 37-3; ECF No. 37-4.)
The documents appear to be a docket or registry of court orders
from the BVI. The documents list a number, name of informant or
complainant, name of the defendant, age if known, nature of
offense or matter of complaint, date of offense, plea, minute of
adjudication, and time allowed for payment and installments. The
documents suggest that "Meghan" [sic] and Cyril Richardson each
pleaded guilty to illegal entry contrary to the laws of the
British Virgin Islands. (*Id.*)

Under both the Restatement and the Uniform Recognition of
Foreign Money-Judgments Act, in order for a court to recognize a
foreign judgment, the foreign court must be an "impartial
tribunal that utilized procedures compatible with due process of
law." *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, 52 F. Supp. 2d
536, 542 (D.V.I. 1999) (citing Restatement (Third) of Foreign
Relations Law of United States § 482; 5 V.I.C. § 561 et seq.).

In the United States, a judgment of conviction must set
forth:

> the plea, the jury verdict or the court's
> findings, the adjudication, and the sentence. If
> the defendant is found not guilty or is
> otherwise entitled to be discharged, the court
> must so order. The judge must sign the judgment,
> and the clerk must enter it.

Fed. R. Crim. P. 32.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 14

Here, the documents from the British Virgin Islands include the plea, the offense, the sentence, and a signature from the "Magistrate/Clerk."

Federal Rule of Evidence 902 provides standards for when a foreign judgment is self-authenticating:

> **Certified Foreign Records of a Regularly Conducted Activity.** In a civil case, the original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification, rather than complying with a federal statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902(12). Rule 902(11) provides as follows:

> **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Foreign judgments need not be self-authenticating to be admissible; the Court may also evaluate whether a document is authenticated "pursuant to the 'reasonable likelihood' standard

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 15

of Rule 901." *Francis v. Caribbean Transp. Ltd.*, 882 F. Supp. 2d

275, 281 (D.P.R. 2012) (*citing United States v. Holmquist*, 36

F.3d 154, 167 (1st Cir. 1994).

> There is no single way to authenticate evidence.
> . . . a document's appearance, contents,
> substance, internal patterns, or other
> distinctive characteristics, taken in
> conjunction with circumstances, can, in
> cumulation, even without direct testimony,
> provide sufficient indicia of reliability to
> permit a finding that it is authentic.

*United States v. Holmquist*, 36 F.3d 154, 167 (1st Cir.

1994) (internal citations and quotations omitted).

Here, the two documents from the BVI Magistrate's Court

appear to be certified. Each is stamped with a seal of the

"Magistrate's Office" with an image of the crown and the words

"Territory of the Virgin Islands." A signature that appears to

be "CTPhillip" appears above the title Magistrate/Clerk. The

stamp appears to provide a date, though only "2013" is legible

in the copy provided on the record. The document states that

"Meghan Richardson on the 01st December, 2007 at the Bight,

Norman Island in the Territory of the Virgin Islands did

unlawfully enter the Territory without leave from an Immigration

Officer." This is not evidence that the incident alleged to have

caused the injuries occurred in BVI territorial waters rather

than United States territorial waters.

The Uniform Recognition of Money-Judgments Act defines "foreign judgment" as "any judgment, decree, or order of a court of the United States or any other court which is entitled to full faith and credit in the United States Virgin Islands." V.I. CODE ANN. tit. 5, § 552.  A docket entry or minute entry is not a judgment. *See, e.g.*, *United States v. Villano*, 816 F.2d 1448, 1452 n.5 (10th Cir. 1987) ("The clerk's entry is not the judgment but merely the formal evidence thereof.")(internal citation omitted); *Bowman v. Pipeline Indus. Ben. Fund*, Civ. A. No. H-83-6290, 1987 WL 14371 (S.D. Tex. June 15, 1987)("A docket entry itself is not a judgment or an order.  It is merely a record keeping mechanism of the Court. . .")

In the Court's examination of the documents provided by the BVI in this matter, it unclear that these documents are, in fact, judgments.  They are entitled "Register of the Magistrate's Court for Convictions and Orders. . ." The documents are formatted as tables, and appear to have been highlighted by hand. Though they are signed and stamped, it is not clear that the signature belongs to someone empowered to enter actual judgment.  Thus, these documents appear more like docket entries or minute entries, rather than actual judgments.

Even assuming, *arguendo*, that these documents could be considered to be judgments, the Court's analysis would not end

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 17

there. In determining whether to acknowledge a foreign judgment,

the Court applies the doctrine of comity, or "a doctrine of

deference based on respect for the judicial decisions of foreign

sovereigns." *Id.; see also Hilton v. Guyot*, 159 U.S. 113, 163

(1895) ("No law has any effect, of its own force, beyond the

limits of the sovereignty from which its authority is derived.

The extent to which the law of one nation, as put in force

within its territory, whether by executive order, by legislative

act, or by judicial decree, shall be allowed to operate within

the dominion of another nation, depends upon what our greatest

jurists have been content to call 'the comity of nations.'").

The United States Supreme Court requires that

> certain criteria be satisfied before a court of the United
> States recognizes a foreign nation's judgment. The Court
> said: "[W]e are satisfied that where there has been
> opportunity for a full and fair trial abroad [1] before a
> court of competent jurisdiction, [2] conducting the trial
> upon regular proceedings, [3] after due citation or
> voluntary appearance of defendant, [4] and under a system
> of jurisprudence likely to secure an impartial
> administration of justice ..., [5] and there is nothing to
> show either prejudice in the court, ... or fraud in
> procuring the judgment ... the merits of the case should
> not, in an action brought in this country upon the
> judgment, be tried afresh, as on a new trial or an
> appeal...."

*U.S. ex rel. Saroop v. Garcia*, 109 F.3d 165, 169-70 (3d Cir.

1997) (quoting *Hilton v. Guyot,* 159 U.S. 113, 202-203 (1895).

The United States Supreme Court has

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 18

> noted that foreign convictions differ from
> domestic convictions in several key respects.
> First, foreign convictions may punish behavior
> that domestic laws would not, such as "engaging
> in economic conduct that our society might
> encourage." (citing selected laws of Cuba and
> the Russian Soviet Federated Socialist
> Republic). Second, foreign and domestic
> convictions may differ markedly in the severity
> of punishment assigned to a particular offense.
> (citing provision of Singapore Vandalism Act
> which permits a term of imprisonment of up to
> three years for an act of vandalism). Finally,
> foreign convictions may occur in legal systems
> that are "inconsistent with an American
> understanding of fairness" because, for example,
> defendants are not afforded due process. (citing
> legal regimes in which "the testimony of one man
> equals that of two women").

*United States v. Laboy-Torres*, 614 F. Supp. 2d 531, 533 (M.D.
Pa. 2007) *aff'd*, 553 F.3d 715 (3d Cir. 2009) (internal citations
omitted) (citing *Small v. United States,* 544 U.S. 385, 125 S.Ct.
1752, 161 L.Ed.2d 651 (2005) (holding that a prior Japanese
felony conviction could not serve as a predicate offense for a
felon-in-possession count because in 18 U.S.C. § 922(g)(1),
"convicted in any court," applies only to domestic convictions).

The facts in the Richardsons' Opposition give this Court
pause. The Richardsons allege that the pleas were made "while
Meagan Richardson [was] suffering from severe injuries as a
result of the accident." (Opp. At 5.) The Richardsons testified
before this Court that the incident occurred in the territorial
waters of the U.S. Virgin Islands. Furthermore, the Court notes

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 19

that in a February 17, 2011, Order, the Magistrate Judge noted

that there was "topographical corroboration . . . to establish

that the alleged tort occurred in the United States."

(Magistrate Order, Feb. 17, 2011.) There is evidence on the

record that this incident occurred within the territorial waters

of the United States Virgin Islands.

The BVI further alleges that the Richardsons have failed to

show that the amount in controversy is $75,000 or more. In a

suit against a foreign state where an exception applies,

jurisdiction exists unless the defendant can prove that the

exception does not apply. The FSIA

> provides the sole basis for obtaining
> jurisdiction over a foreign state in the courts
> of this country. The court may only exercise
> subject matter jurisdiction if an exception to
> sovereign immunity applies. In general, after a
> defendant makes a prima facie case that it is a
> foreign state, the burden of production shifts
> to the plaintiff to offer evidence that an
> exception applies. When a plaintiff satisfies
> her burden of production, jurisdiction exists
> unless the defendant demonstrates by a
> preponderance of the evidence that the claimed
> exception does not apply.

*Chey v. Orbitz Worldwide, Inc.*, CIV. 13-00139 JMS, 2013 WL

6145661 (D. Haw. Nov. 21, 2013) (internal citations and

quotations omitted) (citing 28 U.S.C. § 1604; *Saudi Arabia v.*

*Nelson,* 507 U.S. 349, 355, 113 S.Ct. 1471, 123 L.Ed.2d 47

(1993); *Republic of Argentina v. Weltover,* 504 U.S. 607, 610,

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 20

112 S.Ct. 2160, 119 L.Ed.2d 394 (1992); *Gupta v. Thai Airways Int'l, Ltd.,* 487 F.3d 759, 761 n. 2 (9th Cir. 2007); *Peterson v. Islamic Republic of Iran,* 627 F.3d 1117, 1124–25 (9th Cir. 2010).

In its August 20, 2013, Order, the Court addressed "whether a suit naming the Attorney General of the BVI as a defendant is effectively a suit against the BVI." *Richardson v. Attorney Gen. of the British Virgin Islands*, CV 2008-144, 2013 WL 4494975 (D.V.I. Aug. 20, 2013). The Court found that

> . . . the evidence adduced at trial shows that Donovan's allegedly tortious actions were undertaken to serve his employer, the BVI. Indeed, Donovan halted the Richardsons' vessel, explaining to them that he was doing so because they were in violation of BVI law. Donovan arrested the Richardsons and ordered them to board his BVI-issued vessel. Donovan then attempted to transport the Richardsons back to the BVI customs office. While doing so, Donovan caused his vessel to collide with the Richardsons' vessel. That collision resulted in personal injury to the Richardsons. . . . As such, the Court finds that Donovan was acting in the scope of his employment when he committed the allegedly tortious act.
>
> Based on the foregoing, the Court finds that the tortious activity exception to the FSIA applies. As such, the BVI is not entitled to foreign sovereign immunity in this action. Thus, the Court may exercise subject matter jurisdiction over this matter insofar as the Richardsons assert tort claims against the BVI.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 21

*Id.* In that Order, the Court held that the BVI is a foreign

state to which the tortious activity exception to the FSIA

applies.

Here, the defendant has not demonstrated "by a

preponderance of the evidence that the [tortious activity]

exception does not apply." *Id.* The defendant has also failed to

demonstrate why the Court's August 20, 2013, Order and exercise

of subject matter jurisdiction is infirm. As such, the Court

will continue to exercise subject matter jurisdiction over this

matter.

**B. Personal Jurisdiction**

The BVI alleges that this Court lacks personal jurisdiction

over Randy Donovan. In its August 20, 2013, Order, this Court

dismissed the complaint as against Donovan. As the Richardsons

state in their Opposition, they are no longer pursuing a claim

as to Randy Donovan (Opp. At 2:21, ECF No. 38). Therefore, the

Court finds that this portion of the BVI's motion is moot.

The BVI further alleges that this Court lacks jurisdiction

over the BVI because the Richardsons failed to properly serve

the BVI until five years after the underlying 2007 incident. The

BVI argues that, on policy grounds, the Court should refrain

from exercising jurisdiction because the Richardsons delayed

effecting service until five years after the alleged incident

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Memorandum Opinion
Page 22

occurred. The Richardsons filed a request for service abroad of judicial or extrajudicial documents addressed to the Registrar of the Supreme Court c/o Paula Ajarie, Registrar, High Court, P.O. Box 418, Road Town, Tortola, British Virgin Islands. (ECF No. 31-1.) Here, the Court finds that the Richardsons perfected service on the British Virgin Islands in the manner required by the Hague Convention. Though the Richardsons filed proof of service beyond the Court's extended deadline of November 9, 2013, the proof of service filed shows that service was effected on October 9, 2013. Therefore, any prejudice to the defendants from the untimely filing of proof of service is negligible. Although the Court's deadlines are not to be taken lightly, under these circumstances involving navigation of two governments, when service was timely effected, a slight delay in filing with the Court is excusable.

## IV.   <u>CONCLUSION</u>

The Court will deny the BVI's motion to dismiss as to the Richardsons' tort claims against the BVI. It will find as moot the BVI's motion to dismiss as to Randy Donovan.