```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

MEAGHAN RICHARDSON and CYRIL    )
RICHARDSON,                     )
                                )
            Plaintiffs,         )
                                )   Civil No. 2008-144
     v.                         )
                                )
THE ATTORNEY GENERAL OF THE     )
BRITISH VIRGIN ISLANDS,         )
                                )
            Defendant.          )
                                )
                                )
```

ATTORNEYS:

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For the Richardsons,*

**Pedro K. Williams, Esq.**
Law Office of Frazer and Williams
St. Thomas, VI
    *For the Attorney General of the British Virgin Islands.*

<u>ORDER</u>

**GÓMEZ, J.**

Before the Court is the motion of the defendant, the Attorney General of the British Virgin Islands, to reconsider the Court's holding that it has subject-matter jurisdiction over this case.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about December 1, 2007, Meaghan Richardson and Cyril Richardson (the "Richardsons") were passengers on a power boat.

At or about 9:14 p.m., Randy Donovan ("Donovan"), a customs officer for the Government of the British Virgin Islands (the "BVI"), stopped the Richardsons' boat. Donovan informed the Richardsons that their boat was in BVI waters. Thereafter, Donovan ordered the Richardsons and the other passengers on the boat to disembark from their vessel and enter his vessel. Donovan's vessel was owned by the BVI. The Richardsons allege that after they boarded Donovan's boat, Donovan operated his boat without maintaining a safe speed or a proper lookout. The Richardsons claim that they sustained injuries as a result of Donovan's operation of the vessel.

Thereafter, on November 15, 2008, the Richardsons filed this negligence action against the Attorney General of the BVI and against Donovan in his individual capacity.[1]

On August 29, 2011, the undersigned held a bench trial in this matter. At the conclusion of the bench trial, the Court asked the Richardsons from what entity they sought relief. Specifically, the Court asked, "[w]hen you sued the Attorney General of the British Virgin Islands, it was your intention to sue the government of the British Virgin Islands, correct?" (Trial FTR R. 9:28:26-30.) The Richardsons responded in the affirmative. (*Id*. at 9:28:33.)

---

[1] Donovan has since been dismissed from the case.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 3

On August 20, 2013, the Court dismissed the Richardsons' complaint as against Donovan and ordered the Richardsons to file proof of service on the Government of the British Virgin Islands no later than September 10, 2013. Subsequently, the Richardsons filed a motion for extension of time to file proof of service. The Court extended the deadline to file proof of service to November 9, 2013. The Richardsons filed a second motion for extension of time on November 2, 2013. The Attorney General of the British Virgin Islands, Christopher P. Malcolm ("Malcolm"), filed an answer on November 4, 2013. On November 16, 2013, the Richardsons filed proof of service on the Government of the British Virgin Islands, showing that service was effected on October 9, 2013.

Thereafter, on November 22, 2013, the Attorney General of the British Virgin Islands filed a motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction over the BVI. In an order issued on July 25, 2014, the Court denied that motion. Subsequently, the BVI filed the instant motion for reconsideration.

## II. DISCUSSION

### A. Reconsideration

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

    1. intervening change in controlling law;

    2. availability of new evidence;

    3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. Such motion "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

    The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

    In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 5

direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### B. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs motions to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). The matter must be dismissed if the allegations on the face of the complaint, taken as true, fail to "allege facts sufficient to invoke the

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 6

jurisdiction of the district court." *Licata v. USPS*, 33 F.3d 259, 206 (3d Cir. 1994).

A factual challenge arises when there is a dispute as to a material fact. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A factual challenge is quite different from a facial challenge, because

> the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case[,] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.*

> The Third Circuit has
>
> outlined procedures for ensuring that a ruling on a Rule 12(b)(1) factual attack be based on an adequate factual record. *See* 673 F.2d 700, 711–12 (3d Cir.1982) . . . If the defendant contests any allegations in the pleadings, by presenting evidence, the court must permit the plaintiff to respond with evidence supporting jurisdiction. *See id.* at 711–12. The court may then determine jurisdiction by weighing the evidence presented by the parties. *See id.*

*Gould Electronics Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000) *holding modified by Simon v. United States*, 341 F.3d

193 (3d Cir. 2003). In a factual attack on subject matter jurisdiction, a court may "consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). "If there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." *Gould Electronics Inc.*, 220 F.3d at 177.

### III. ANALYSIS

The BVI asserts that the Court committed clear error when the Court held that it had subject matter jurisdiction over this case. In support of its argument, the BVI directs the Court's attention to legal proceedings against Meaghan Richardson and Cyril Richardson that took place in the BVI; statements made during the criminal proceedings; and the process provided to the defendants. In addition, the BVI argues that the Court impermissibly relied on findings from proceedings that occurred before the BVI was properly served.

Federal district courts may only exercise subject matter jurisdiction over foreign states as provided in the Foreign Sovereign Immunities Act ("FSIA"). *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488 (1983). The FSIA provides that "[s]ubject to existing international agreements to which

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 8

the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Section 1605 states, in pertinent part, that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1605(a)(5).

    The Court will first address the BVI's argument that the Court committed clear error when it held that it may exercise subject matter jurisdiction over the case.

    In its motion to dismiss, the BVI directed the Court's attention to documents purporting to be judgments in the BVI as evidence that the incident did not occur in the United State Virgin Islands. One of those documents, Attachment 3, states that "Meghan Richardson on the 01st December, 2007 at the Bight, Norman Island in the Territory of the Virgin Islands did unlawfully enter the Territory without leave from an Immigration

Officer." (ECF No. 37-3.) An almost identical document, Attachment 4, was adduced with respect to Cyril Richardson. (ECF No. 37-4.)

In its July 25, 2014, memorandum opinion, the Court noted that it was unclear whether Attachments 3 and 4 were, in fact, judgments. The Court also questioned whether comity compelled it to recognize those documents as judgments. More importantly, however, the Court held that these documents were "not evidence that the incident alleged to have caused the injuries occurred in BVI territorial waters rather than United States territorial waters." (Mem. Opinion, ECF No. 44, at 15.)

The BVI now submits affidavits in support of its claim that judgments were entered against the Richardsons. The BVI claims that the Court should reconsider its July 25, 2014, order because the newly submitted affidavits and exhibits demonstrate that Attachments 3 and 4 to the motion to dismiss were, in fact, judgments against the Richardsons and the Richardsons were afforded due process in the BVI.

On that basis, the BVI argues that the now purportedly acceptable judgments would estop the Richardsons from arguing that the incident occurred in United States territorial waters or at the very least raise a factual issue requiring a hearing.

Guilty pleas do not collaterally estop a defendant who pled

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 10

guilty from litigating issues that would have been litigated if the defendant went to trial. *Bower v. O'Hara*, 759 F.2d 1117, 1125-26 (3d Cir. 1985)(relying on the Restatement (Second) of Judgments). In *Bower v. O' Hara*, the defendant stabbed the plaintiff. *See id.* at 1120. Criminal charges were filed and the defendant pled guilty to third-degree assault. *Id.* Subsequently, the plaintiff sued the defendant. *Id.* In that action, the defendant sought to assert self-defense. *Id.* The plaintiff protested that the guilty plea estopped the defendant from asserting such a defense. *Id.* On appeal, the Third Circuit held that such an argument could be made because the issues had not been actually litigated. *See id.* at 1125-26.

*Bower v. O' Hara* is instructive. The BVI proceeds on the assumption that a guilty plea is dispositive of the location of the vessel at the time the Richardsons were injured. That assumption ignores the likelihood that the plea may have been made for reasons wholly unrelated to the location of the vessel at the time of injury.

Accordingly, even if the BVI has established that the Court should have accepted Attachments 3 and 4 as valid judgments,

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 11

those documents would not have estopped the Richardsons from litigating the location of the vessel at the time of injury.[2]

The BVI also now attempts to submit new evidence indicating that the Richardsons were in BVI territorial waters when they were arrested. The BVI attaches the affidavit of Senior Magistrate Valerie R. Gordon. In that affidavit, Senior Magistrate Gordon informs the Court that (1) she informed the Richardsons that they should let her know if the prosecutor stated any incorrect facts; (2) the prosecutor stated that the Richardsons were arrested in the BVI; and (3) the Richardsons did not object. (*See* Affidavit of Senior Magistrate Valerie R. Gordon, ECF No. 59, at ¶¶ 21, 27, 32). The BVI also attaches the affidavit of Senior Magistrate Tamia N. Richards. In that affidavit, Senior Magistrate Richards informs the Court that (1) defendants in BVI courts are advised that if they dispute any facts stated by the prosecutor, they should inform the Magistrate; and (2) the partially transcribed minutes of the proceeding indicate that the Richardsons' vessel was observed entering BVI waters and proceeding in the direction of Norman

---

[2] Indeed, Attachments 3 and 4 only indicate that Meaghan Richardson and Cyril Richardson entered the BVI without leave from an immigration officer at some time on December 1, 2007. Attachments 3 and 4 are "not evidence that the incident alleged to have caused the injuries occurred in BVI territorial waters rather than United States territorial waters." (Mem. Opinion, ECF No. 44, at 15.)

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 12

Island before it was stopped. (*See* Affidavit of Senior Magistrate Tamia N. Richards, ECF No. 55-1, at ¶¶ 24, 39.)

The Court notes that this evidence was in the custody and control of the BVI at the time it submitted its motion to dismiss. The contents of the affidavits are not newly discovered. Therefore, this Court may not consider this evidence on a motion for reconsideration. Moreover, even if the Court were to consider the affidavits, they miss a key point. While they speak to the Richardsons being observed in BVI territorial waters at some point, they do not address where or when the conduct that caused injury to the Richardsons occurred. The Court also notes that it is unclear over what period of time the BVI considered the Richardsons to be under arrest.[3]

The Court will now address whether it committed clear error when it relied on testimony on the record from before the BVI was properly served.

The BVI's motion to dismiss was a factual attack on the Court's subject matter jurisdiction. The Court has "broad discretion to consider relevant and competent evidence on a motion to dismiss for lack of subject matter jurisdiction to resolve factual issues." Wright & Miller, 5B Fed. Prac. & Proc.

---

[3] Indeed, the Richardsons assert that the arrest was initiated in United States waters. They do not dispute that that arrest continued into BVI territory.

*Richardson v. Attorney General of the BVI*
Civil No. 2008-cv-144
Order
Page 13

Civ. § 1350 (3d ed.). As such, the Court may "consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *See Gotha*, 115 F.3d at 179.

In its July 25, 2014, memorandum opinion, the Court relied on testimony offered by the Richardsons before the BVI was properly served. Because the BVI was not properly served, it was unable to cross-examine the Richardsons on their testimony. Nevertheless, when subject matter jurisdiction is factually attacked, the Court may consider affidavits when determining whether it may exercise subject matter jurisdiction. Affidavits provide the opposing party with no opportunity to cross examine the affiant. Because the Court may rely on affidavits, the Court sees no reason why the Court may not exercise its broad discretion and take judicial notice of prior sworn testimony, even when there was no opportunity for cross examination. Indeed, the Richardsons could have submitted their prior testimony by affidavit.

The Court's decision is not contradicted by the authority cited by the BVI. The BVI cites to authority establishing that orders and judgments issued by a court are void if the court lacks jurisdiction. Here, the Court never held that the BVI was bound by its August 20, 2013, order with respect to subject matter jurisdiction. Instead, the Court considered the BVI's

motion to dismiss. In the BVI's motion to dismiss, the BVI failed to direct the Court's attention to any evidence demonstrating that the incident occurred in BVI territorial waters. Therefore, based on the evidence in the record, the Court held that it could exercise subject matter jurisdiction for the reasons stated in the August 20, 2013, order. As discussed above, the Court committed no clear error in doing so.

Accordingly, the Court finds that the BVI has failed to demonstrate clear error, manifest injustice, an intervening change in controlling law, or the availability of material new evidence with respect to the July 25, 2014, order.

## IV. CONCLUSION

The premises considered; it is hereby

**ORDERED** that the British Virgin Islands' motion for reconsideration is **DENIED**.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**